UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SY-BRON L. PINKSTON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GLADIEUX, et al.,<br><br>Defendants. | CAUSE NO.: 1:19-CV-358-WCL-SLC |

## OPINION AND ORDER

Sy-Bron L. Pinkston, a prisoner without a lawyer, filed a complaint (ECF 1) against Sheriff David Gladieux, Jail Commander Alan Cook, Sgt. Scott Sanderson, Correctional Officer Joshua Garamater, and Disciplinary Correctional Officer Penny Lake. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 17, 2017, Pinkston was released from his cell at the Allen County Jail to retrieve his commissary order. Once released, he informed Officer Taylor that he was afraid to go back to his cell because another inmate in the cell, Kyle Chandler, is a white

supremacist. Pinkston is black, and Chandler had previously warned the guards not to put blacks in his cell. Pinkston had just been separated from Chandler on August 4, 2017, and yet they had again been placed in the same cell. While calmly discussing this matter with Sgt. Scott Sanderson and Correction Officer Joshua Garamater, Sgt. Sanderson grabbed Pinkston's arm and took Pinkston to the ground. Officer Garamater, Sgt. Sanderson, and Officer Taylor pinned Pinkston to the ground with their weight. The officers then continued to punch Pinkston, even though he was not resisting. He was also being choked by Sgt. Sanderson. Eventually he was placed in handcuffs. While cuffed, Officer Garamater told Pinkston to shut up and rammed his head into a sharp corner of a door frame. After assessment by a nurse, Pinkston was taken to the hospital, where he received stitches.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Pinkston the inferences to which he is entitled at this stage of the case, the court finds that Pinkston has stated an excessive force claim against Sgt. Sanderson and Officer Garamater for attacking him on August 17, 2017.

When Pinkston was returned to the jail, he was again placed in a cell with Kyle Chandler. He complained constantly, and on August 24, 2017, while still sharing a cell

with Chandler, Chandler punched Pinkston in the face. After that incident, Pinkston and Chandler were finally separated. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Here, Pinkston does not indicate who decided to place him back in the cell with Chandler following his return to the county jail, and – although he indicates that he complained constantly - he does not indicate to whom he complained. He has not stated a claim of deliberate indifference against any of the defendants named in the complaint.

Pinkston has also sued Penny Lake, the chairperson of the disciplinary board. Pinkston alleges that, due to the incident with the officers, Lake gave him sixty days in segregation. The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for

administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). However, placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009) (determination of whether 240 days in segregation imposed an atypical, significant hardship could not be made at the pleading stage). Here, Pinkston was placed in segregation for only sixty days following the incident. This is not an atypical and significant hardship, and he cannot proceed against Penny Lake.

Lastly, Pinkston has sued Sheriff David Gladieux and Jail Commander Alan Cook, but he has not alleged facts to suggest that either of them were personally involved in the incidents he describes in his complaint. Neither Sheriff Gladieux nor Jail Commander Cook are liable just because they are in charge of the jail. "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *see also Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (noting the doctrine of *respondeat superior* has no application to § 1983 actions). Therefore, Pinkston may not proceed against Sheriff Gladieux or Jail Commander Cook.

For these reasons, the court:

(1) GRANTS Sy-Bron L. Pinkston leave to proceed against Sgt. Scott Sanderson and Correctional Officer Joshua Garamater in their individual capacities for compensatory and punitive damages for using excessive force against him when they attacked Pinkston on August 17, 2017, in violation of the Eighth Amendment;

(2) DISMISSES Sheriff David Gladieux, Jail Commander Alan Cook, and Disciplinary Correction Officer Penny Lake;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Scott Sanderson and Correction Officer Joshua Garamater at the Allen County Sheriff's Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Scott Sanderson and Correction Officer Joshua Garamater respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 9, 2019.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT