UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SY-BRON L. PINKSTON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GLADIEUX, et al.,<br><br>Defendants. | CAUSE NO.: 1:19-CV-358-WCL-SLC |

OPINION AND ORDER

Sy-Bron L. Pinkston, an inmate at the Allen County Jail representing himself in this matter, is proceeding on a single Eighth Amendment claim against Sgt. Scott Sanderson and Correctional Officer Joshua Garamater for using excessive force against him by attacking Pinkston on July 17, 2017. (ECF 18.) Pinkston has filed a motion seeking a temporary restraining order directing that he be transferred to Elkhart County Jail and that Defendant Scott Sanderson, Defendant Joshua Garamater, and other individuals be "restrained from any physical[,] written, mental or emotional contact with Sy-Bron L. Pinkston through self and or 3rd party without an attorney present." (ECF 32 at 6).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). Moreover,

> [a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served).

*Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669 (7th Cir. 2013). Here, Pinkston complains about a variety of circumstances and conditions at the jail, but his complaints center almost exclusively on individuals that are not defendants in this action. He cannot obtain an injunction against anyone that is not a defendant.

To the extent Pinkston does reference the defendants in his request for a temporary restraining order, injunctive relief is not possible because he was not granted leave to proceed on a claim for injunctive relief – he is proceeding only on a claim for monetary damages due to an alleged attack occurring on July 17, 2017. To the extent that he wishes to pursue other or different claims, they are not currently before the court.[1]

Lastly, this is not Pinkston's first motion seeking a transfer from the Allen County Jail to Elkhart County Jail. He requested the same relief in a motion titled as a

---

[1] Many, if not all, of Pinkston's allegations contained in the motion for a temporary restraining order appear unrelated to the claims at issue here. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). If Pinkston intends to bring claims based on the allegations in his motion seeking a temporary restraining order, all unrelated claims will need to be brought in a separate lawsuit. Any related claims must be presented in a proposed amended complaint that includes every claim against every defendant he is trying to sue in this lawsuit, together with a motion seeking leave to amend his complaint. *See* FED. R. CIV. P. 15(a)(2); N.D. Ind. L.R. 15-1(b).

"Motion for Change of Venue." (ECF 15). As noted previously, "[p]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The court previously concluded that the facts presented by Pinkston's amended complaint did not warrant an intrusion upon that discretion (ECF 17), and the court stands by that ruling.

For these reasons, the Sy-Bron L. Pinkston's motion for a temporary restraining order (ECF 32) is DENIED.

SO ORDERED on February 6, 2020.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT