UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SY-BRON L. PINKSTON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:19-CV-358-WCL-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Sy-Bron L. Pinkston, a prisoner without a lawyer, seeks leave to amend his complaint to add three additional defendants. ECF 41. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Pinkston is currently proceeding on a claim against Sgt. Scott Sanderson and Correctional Officer Joshua Garamater for using excessive force against him when they attacked Pinkston on July 17, 2017, in violation of the Eighth Amendment;

ECF 5. He did not initiate this lawsuit until August 11, 2019. ECF 1. In the proposed amended complaint, Pinkston now seeks to add the Allen County Jail, Allen County Sheriff's Department, and Richard Taylor as defendants. Pinkston's claims are subject to a two-year statute of limitations. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The incident at issue in this lawsuit occurred in July of 2017, and the proposed amended complaint was not signed until June 16, 2020 – nearly three years after the incident. Therefore, amending the complaint to add new defendants would be futile unless the allegations against them would relate back to the original complaint.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). No such mistake occurred here. Because Pinkston did not assert his claims against these additional defendants in a timely manner and because the relation-back doctrine does not apply to these claims, amending the complaint to add them would be futile.[1]

Even if Pinkston had sought to amend his complaint within the two-year statute of limitations, he could not amend to add the Allen County Jail. The Allen County Jail is a building, not a person or policy-making unit of government that can be sued pursuant

---

[1] Pinkston's claims against Sgt. Scott Sanderson and Correctional Officer Joshua Garamater may also be barred by the statute of limitations, but the defendants have not sought dismissal on that basis and the court therefore declines to address that question in this order.

to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Likewise, he could not amend to add the Allen County Sheriff's Department because he is alleging only that it is liable because it should be held accountable for its employees. "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

For these reasons, Sy-Bron L. Pinkston's Motion to Amend Complaint (ECF 41) is DENIED.

SO ORDERED on June 24, 2020.

                                                  s/William C. Lee  
                                                  JUDGE WILLIAM C. LEE  
                                                  UNITED STATES DISTRICT COURT